UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JALINSKI ADVISORY GROUP, INC.

          Plaintiff,                                  Case No.:  1:18-cv-759

v.                                              Honorable Janet T. Neff

HENRICKSON NAUTA WEALTH
ADVISORS, INC.,

          Defendant.

---

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

       Defendant Henrickson Nauta Wealth Advisors, Inc. ("**HNWA**"), by and through its attorneys, Warner Norcross + Judd LLP, hereby answers Plaintiff's Complaint as follows:

**Nature of Action and Relief Sought**

       1.    All of the claims herein arise out of and are based on HNWA's willful infringement of JAG's trademark rights, which HNWA is well of aware of but chooses to disregard.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

       2.    JAG owns the registered trademarks "The Financial Quarterback" and "Financial Quarterback" (collectively the "Financial Quarterback Trademark") under which it (a) offers financial advisory and investment management services, and (b) provides educational services in the field of financial and wealth management (the "Educational Services"). JAG provides these services through the following mediums, among others: (1) broadcasts via traditional "over-the air" radio stations, on-line-streaming through the internet and podcasts, and regularly scheduled, weekly radio programs hosted by radio personality and financial expert Josh Jalinski ("Jalinski") (the "Radio Programs"); (2) seminars and other educational services for clients and members of

the public concerning financial and wealth management; and (3) television, film and other broadcast and public appearances by Jalinski as an educational and motivational speaker concerning financial and wealth management. JAG additionally provides for the dissemination of news, information and education regarding personal finance and wealth/investment management.

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

3.      HNWA has used JAG's Financial Quarterback Trademark in offering (a) its own accounting, tax, business management, financial, financial management, financial planning, and financial advisory services to its clients and (b) education to clients through seminars and on-line blogs, bulletins, e-books and alerts, public presentations to clients, public appearances and publications and presentations directed to potential clients and the general public, all in violation of federal and state law. HNWA has failed to cease its use of JAG's trademark even after receiving a cease-and-desist letter from JAG's counsel.

**ANSWER: HNWA admits that it received a letter from JAG's counsel. HNWA denies the remaining allegations contained in this paragraph.**

4.      HNWA's unlawful conduct has caused and will continue to cause serious and irreparable harm to JAG. Consumers are likely to be confused as to a perceived affiliation, connection, association, sponsorship, endorsement, approval or permission received from JAG and the Radio Programs that does not exist. HNWA's conduct is likely to dilute the distinctive and source-identifying quality of JAG's trademark and to damage, erode and diminish the economic value of JAG's trademark, which JAG alone has the right to commercially exploit.

**ANSWER: This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, HNWA denies the allegations contained in**

2

this paragraph, and further denies that JAG has a valid claim over the alleged mark at issue in this case.

5.     JAG seeks injunctive and monetary relief against HNWA's acts of federal trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and related acts of trademark infringement, unfair competition, unfair and deceptive trade practices and trademark dilution under Michigan law, including MCL 445.901-922.

**ANSWER: HNWA admits that JAG seeks injunctive and monetary relief herein. HNWA denies the remaining allegations contained in this paragraph to the extent HNWA is alleged to have committed acts of trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act and/or committed trademark infringement, unfair competition, unfair and deceptive trade practices and dilution under Michigan law, including MCL 445.901-911. HNWA further denies that JAG is entitled to any relief in this case.**

## The Parties

6.     Plaintiff JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

7.     Upon information and belief, defendant HNWA is a corporation organized and existing under the laws of the State of Michigan, having a principal address and place of business at 6290 Jupiter Avenue, Suite B, Belmont, Michigan 49306.

**ANSWER: Admitted.**

**Jurisdiction and Venue**

8.      This Court has jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1121; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; under MCL 445.901-922; and the common law of the State of Michigan

**ANSWER: This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, HNWA admits that this Court has subject matter jurisdiction over this action.**

9.      Upon information and belief, this Court has personal jurisdiction over Defendant based upon its contacts with this forum, including being domiciled here and regularly and intentionally doing business here and/or committing acts giving rise to this lawsuit here.

**ANSWER: This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, HNWA admits that this Court has personal jurisdiction over HNWA for purposes of this case. HNWA denies the remaining allegations contained in this paragraph, including any allegations that HNWA has committed violations under the Lanham Act and/or Michigan law in this state and/or forum.**

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**ANSWER: This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, HNWA admits that venue is proper in this case.**

<u>**Facts Common to All Claims**</u>

**I.      Jalinski Advisory Group**

    **A.      JAG's Brand and Services**

    11.      Since early 2006, JAG has continuously provided financial advisory and investment management services for its clients under the brand name "The Financial Quarterback."

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

    12.      Since at least 2006, Jalinski, in his capacity as JAG's President and CEO, has hosted the Radio Programs titled "The Financial Quarterback," which provide listeners with advice regarding personal finance and wealth/investment management and is broadcast in the New York and New Jersey area on 710 AM WOR, 770 AM WABC and 1160 AM WOBM. The Radio Programs are broadcast weekly in major markets throughout the United States and are available nationally and internationally on www.iheartradio.com and the iHeartRadio app. More recently, Jalinski has made numerous and frequent public appearances on broadcast and cable television networks, such as CNBC, in pod casts, and in seminars for actual potential clients of JAG.

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

    13.      JAG relies in part on The Radio Programs to advertise and promote the financial and investment management services provided by JAG.

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

**B.      JAG's Asserted Trademark Rights**

14.      JAG is the owner of United States Trademark Serial Number 86353875, registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014, for the word mark "The Financial Quarterback" in international class 41 for educational and entertainment services; namely, conducting seminars, making personal appearances, performing speaking engagements, radio and television appearances, and ongoing radio programs in the fields of business, finance, investment, money management, and financial planning (the "Class 41 Trademark").

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

15.      JAG is the assignee and owner of United States Trademark Serial Number 77752160, registered by the USPTO on April 27, 2010, registration number 3782665, based on an application filed on June 4, 2009, for the word mark "Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (the "Class 36 Trademark"). This class 36 trademark has been acknowledged as incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065. JAG is also the owner of United States Trademark Serial Number 86314778, registered by the USPTO on November 28, 2017, registration number 5346562, based on an application filed on June 19, 2014, for the word mark "The Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (collectively, the "Class 36 Trademarks").

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

16.     JAG is the owner of United States Trademark Serial Number 86318879, registered by the USPTO on November 28, 2017, registration number 5346563, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 35 for connecting buyers and sellers of financial assets, business management consulting (the "Class 35 Trademark").

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

17.     JAG is also the owner of the following pending U.S. trademark applications for the word mark "The Financial Quarterback": serial number 86314005 in international class 42 (mobile application for providing financial advice and financial analysis); serial number 86318839 in international class 16 (printed publications in the fields of finance, investment, money management, and financial planning); and serial number 86318944 in international class 9 (downloadable computer software and electronic newsletters, publications and audio recordings in the field of financial analysis, and financial forecasting).

**ANSWER: HNWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies same.**

18.     By virtue of using the "Financial Quarterback Trademark" in commerce since at least 2006, JAG has established and is the owner of common law trademark rights for the word mark "The Financial Quarterback." JAG has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

**ANSWER: This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, HNWA denies the allegations contained in this paragraph.**

## II.     Defendant HNWA's Unauthorized Activities

19.     Upon information and belief, HNWA renders business management, financial management, investment management, investment advisory, financial planning, and financial advisory services to its clients in interstate commerce, where Jalinski's Radio Programs are regularly available to listeners via over-the air broadcast radio stations, internet streaming, and otherwise.

**ANSWER: HNWA admits that it provides financial advisory services to clients. HNWA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies same.**

20.     HNWA has unlawfully repeatedly infringed the Financial Quarterback Trademark in offering financial and investment advisory services to its clients and prospective clients on HNWA's website, in promotional materials and advertising and in personal appearances and presentations to its actual and prospective clients.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

21.     HNWA has repeatedly infringed JAG's Financial Quarterback Trademark by using it to characterize, identify, describe and market the aforesaid financial and educational services, and continued to do so notwithstanding JAG's demands that it cease this conduct.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

22.     HNWA is not related to or affiliated with JAG in any way and has not sought or received a license or authorization from JAG for any purpose whatsoever, including the acts described herein.

**ANSWER: HNWA admits that it is not affiliated with JAG. HNWA further admits that it has not sought a license from JAG for any purpose. HNWA denies the remaining allegations**

8

contained in this paragraph to the extent it alleges that HNWA has infringed any valid trademark claim or that JAG has a valid trademark claim upon which HNWA was or is required to seek authorization for use from JAG.

23.     HNWA's infringement of JAG's trademark unlawfully wrests from JAG control over its reputation and, upon information and belief, is unjustly enriching HNWA.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

24.     HNWA's unauthorized acts as described herein have caused and will continue to cause irreparable damage to JAG and its business and goodwill unless restrained by this Court.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

25.     Upon information and belief, and as evidenced by the facts and circumstances alleged above, HNWA has intentionally and willfully violated JAG's trademark.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT I**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 41 Trademark)**

26.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

27.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 41 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

28.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between

HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

29.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

30.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT II**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 36 Trademarks)**

31.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

32.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 36 Trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

33.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

34.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

35.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT III**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 35 Trademark)**

36.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

37.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 35 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

38.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

39.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

40.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT IV**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)**

41.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

42.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

43.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

44.     HNWA's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no

adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER: HNWA denies the allegations contained in this paragraph.**

45.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

46.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT V**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)**

47.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

48.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

49.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

50.     HNWA's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER: HNWA denies the allegations contained in this paragraph.**

51.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

52.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT VI**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)**

53.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

54.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

55.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

56.     HNWA's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER: HNWA denies the allegations contained in this paragraph.**

57.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

58.     As a result of HNWA's infringement, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT VII**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**<u>(JAG's Class 41 Trademark)</u>**

59.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

60.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

61.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 41 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

15

**ANSWER: HNWA denies the allegations contained in this paragraph.**

62.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

63.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

64.     As a result of HNWA's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT VIII**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 36 Trademarks)**

65.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

66.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

67.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 36 Trademarks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

68.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

69.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

70.     As a result of HNWA's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT IX**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 35 Trademark)**

71.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

72.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

17

**ANSWER: HNWA denies the allegations contained in this paragraph.**

73.     HNWA's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER: HNWA denies the allegations contained in this paragraph.**

74.     HNWA's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

75.     Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

76.     As a result of HNWA's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

**COUNT X**
**Common Law Trademark Infringement and Unfair Competition**

77.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

78.    HNWA's use of JAG's "Financial Quarterback Trademark" constitutes common law trademark infringement and unfair competition with JAG under the common law of the State of Michigan.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

79.    HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

80.    HNWA's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER: HNWA denies the allegations contained in this paragraph.**

81.    Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

82.    As a result of HNWA's conduct, JAG is entitled to injunctive relief and is also entitled to recover HNWA's profits, JAG's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

## COUNT XI
## Deceptive Trade Practices under MCL 445.901-922

83.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER: HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.**

84.    HNWA's use of JAG's "Financial Quarterback Trademark" constitutes a violation of MCL 445.901-922.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

85.    HNWA's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between HNWA and JAG, and/or as to JAG's sponsorship or approval of HNWA's goods, services and/or commercial activities.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

86.    HNWA's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER: HNWA denies the allegations contained in this paragraph.**

87.    Upon information and belief, HNWA's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

88.    As a result of HNWA's conduct, JAG is entitled to injunctive relief and is also entitled to recover actual damages, enhanced damages, treble damages, punitive damages, and costs and reasonable attorneys' fees.

**ANSWER: HNWA denies the allegations contained in this paragraph.**

WHEREFORE, HNWA respectfully requests that this Court dismiss with prejudice Plaintiff's claims against HNWA and award HNWA recovery of all costs and expenses incurred in responding to this Complaint, together with all other relief that this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

HNWA demands a Jury Trial in this case.

## AFFIRMATIVE DEFENSES

In addition to HNWA's Answers above, HNWA asserts the following Affirmative Defenses in response to Plaintiff's allegations in its Complaint. By asserting these defenses, HNWA does not admit that it bears the burden of proof on any issue contained in the Complaint and does not accept any burden it would not otherwise bear. HNWA reserves all rights to assert additional affirmative defenses that become known throughout the course of this litigation.

1.      Plaintiff's Complaint is barred in whole or in part for the failure of Plaintiff to state a claim against Defendant upon which relief can be granted.

2.      Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver, laches, and/or equitable estoppel.

3.      Plaintiff's Complaint is barred in whole or in part because the alleged "Financial Quarterback" mark at issue in this case is generic and/or descriptive without secondary meaning.

4.      The alleged "Financial Quarterback" mark at issue in this case does not constitute a valid and protectable trademark because it lacks distinctiveness.

5.      Plaintiff has engaged in improper assignment and licensing of the "Financial Quarterback" mark, contrary to federal, state, or common law.

6.      HNWA has not infringed the alleged "Financial Quarterback" mark under either federal, state, or common law.

7.      Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

8.      Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

9.      Plaintiff's Complaint is barred in whole or in part based upon the lack of any likelihood of consumer confusion regarding the source, sponsorship, or affiliation of the alleged "Financial Quarterback" mark at issue.

10.     Plaintiff's Complaint is barred in whole or in part based upon the lack of any dilution.

11.     Plaintiff's Complaint is barred in whole or in part because Plaintiff does not make use of and/or consumers do not recognize such use of its alleged "Financial Quarterback" mark as an indicator of source.  As such, Plaintiff does not have enforceable trademark rights in its purported "Financial Quarterback" mark as alleged in the Complaint.

12.     Plaintiff's Complaint is barred in whole or in part by the doctrines of fair use, nominative fair use, and/or descriptive use.

13.     Defendant specifically reserves the right to assert such other and further defenses as may be supported by the facts to be determined through such further discovery as may be undertaken and to amend its Answer to assert such defenses.

## COUNTERCLAIM

Defendant HNWA hereby counterclaims against Plaintiff and alleges as follows:

## NATURE OF THE COUNTERCLAIM, JURISDICTION AND VENUE

1.      HNWA brings a counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201, asking this Court to cancel or restrict Plaintiff's Trademark Registrations pursuant to 15 U.S.C. § 1119.

2.      This Court has subject-matter jurisdiction over HNWA's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 1367 and 1338(b).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

4.      Defendant/Counter-Plaintiff HNWA is a corporation duly organized under the laws of the state of Michigan, having its place of business in Belmont, Michigan.

5.      Upon information and belief, Plaintiff/Counter-Defendant Jalinski Advisory Group, Inc. is a corporation duly organized under the laws of the state of New Jersey, having its place of business in Toms River, New Jersey.

## COUNT I: DECLARATORY JUDGMENT
## CANCELLING OR RESTRICTING REGISTRATIONS

6.      HNWA restates, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.

7.      Plaintiff alleges in its Complaint that it owns certain United States Trademarks for the "Financial Quarterback" mark; specifically, No. 86353875 (the "Class 41 Trademark"), No. 3782665 (the "Class 36 Trademark"), and No. 86318879 (the "Class 35 Trademark") (collectively, the "Financial Quarterback Marks").

8.   Plaintiff alleges in its Complaint that HNWA violates or has violated Plaintiff's federal and state law rights with respect to the Financial Quarterback Marks.

9.   In its Answer to the Complaint, as set forth above, HNWA denies that it has violated, in any way, Plaintiff's federal and/or state law rights with respect to the Financial Quarterback Marks, and denies that Plaintiff has a valid claim to the Financial Quarterback Marks.

10.   Accordingly, there exists an actual and ongoing controversy between Plaintiff and HNWA as to whether Plaintiff has a valid claim to the Financial Quarterback Marks.

11.   Pursuant to 15 U.S.C. §§ 1119 and 1064(3), HNWA requests that this Court enter a declaration cancelling or restricting Plaintiff's registrations of the Financial Quarterback Marks because the term "Financial Quarterback" is a generic term, in whole or in part, as there exists widespread use of the "Financial Quarterback" term throughout the financial services industry by numerous financial advisors around the United States, and the term "Financial Quarterback" cannot be identified to any single source within the industry.

## PRAYER FOR RELIEF

WHEREFORE, HNWA respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.   Dismiss with prejudice the entirety of the Complaint;

B.   Deny all remedies and relief sought in the Complaint;

C.   Enter a declaration that Plaintiff's registrations of the Financial Quarterback Marks are cancelled or restricted because they are generic;

D.   Find this case to be exceptional within the meaning of the Lanham Act;

E.   Award Defendant its costs, attorneys' fees and expenses incurred herein; and

F.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 23, 2018

By: */s/ Carly A. Zagaroli*
    Douglas A. Dozeman (P35781)
    Carly A. Zagaroli (P79358)
    **WARNER NORCROSS + JUDD LLP**
    900 Fifth Third Center
    111 Lyon Street, NW
    Grand Rapids, Michigan 49503-2487
    (616) 752-2000

17401231