UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HENRICKSON NAUTA WEALTH ADVISORS, INC., <br><br> Defendant. | Case No. 1:18-cv-759 <br><br> Honorable Janet T. Neff <br><br> **ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND** |

Plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. ("JAG"), by and through its undersigned counsel, hereby responds to the allegations in the Counterclaims of defendant and counterclaim plaintiff Henrickson Nauta Wealth Advisors, Inc. ("Defendant"), dated August 23, 2018 ("Counterclaims"), as follows:

**AS TO "NATURE OF THE COUNTERCLAIM, JURISDICTION AND VENUE"**

1.  HNWA brings a counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201, asking this Court to cancel or restrict Plaintiff's Trademark Registrations pursuant to 15 U.S.C. § 1119.

    Answer: Paragraph 1 of the Counterclaims states a legal conclusion to which no response is required.

2.  This Court has subject-matter jurisdiction over HNWA's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 1367 and 1338(b).

    Answer: Paragraph 2 of the Counterclaims states a legal conclusion to which no response is required.

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

Answer: JAG admits the allegations contained in Paragraph 3 of the Counterclaims.

## AS TO "THE PARTIES"

4. Defendant/Counter-Claim HNWA is a corporation duly organized under the laws of the state of Michigan, having its place of business in Belmont, Michigan.

Answer: JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Counterclaims.

5. Upon information and belief, Plaintiff/Counter-Defendant Jalinski Advisory Group, Inc. is a corporation duly organized under the laws of the state of New Jersey, having its place of business in Toms River, New Jersey.

Answer: JAG admits the allegations contained in Paragraph 5 of the Counterclaims.

## AS TO "COUNT I: DECLARATORY JUDGMENT CANCELLING OR RESTRICTING REGISTRATIONS"

6. HNWA restates, realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

Answer: JAG incorporates all preceding paragraphs as if fully set forth herein.

7. Plaintiff alleges in its Complaint that it owns certain United States Trademarks for the "Financial Quarterback" mark; specifically, No. 86353875 (the "Class 41 Trademark"), No. 3782665 (the "Class 36 Trademark"), and No. 86318879 (the "Class 35 Trademark") (collectively, the "Financial Quarterback Marks").

Answer: JAG admits the allegations contained in Paragraph 7 of the Counterclaims.

8. Plaintiff alleges in its Complaint that HNWA violates or has violated Plaintiff's federal and state law rights with respect to the Financial Quarterback Marks.

Answer: JAG admits the allegations contained in Paragraph 8 of the Counterclaims.

9. In its Answer to the Complaint, as set forth above, HNWA denies that it has violated, in any way, Plaintiff's federal and/or state law rights with respect to the Financial Quarterback Marks, and denies that Plaintiff has a valid claim to the Financial Quarterback Marks.

Answer: JAG admits the allegations contained in Paragraph 9 of the Counterclaims insofar as Defendant has denied infringing upon JAG's registered marks.

10. Accordingly, there exists an actual and ongoing controversy between Plaintiff and HNWA as to whether Plaintiff has a valid claim to the Financial Quarterback Marks.

Answer: Paragraph 10 of the Counterclaims states a legal conclusion to which no response is required.

11. Pursuant to 15 U.S.C. §§ 1119 and 1064(3), HNWA requests that this Court enter a declaration cancelling or restricting Plaintiff's registrations of the Financial Quarterback Marks because the term "Financial Quarterback" is a generic term, in whole or in part, as there exists widespread use of the "Financial Quarterback" term throughout the financial services industry by numerous financial advisors around the United States, and the term "Financial Quarterback" cannot be identified to any single source within the industry.

Answer: JAG denies the allegations contained in Paragraph 11 of the Counterclaims.

**AFFIRMATIVE DEFENSES**

In further response to the Counterclaims, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever.  JAG reserves the

right to raise additional affirmative defenses as they become known to it through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against JAG.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the grounds of waiver, laches and estoppels.

### FIFTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

**WHEREFORE**, plaintiff and counterclaim defendant JAG demands judgment in its favor and against defendant and counterclaim plaintiff Henrickson Nauta Wealth Advisors, Inc., as follows:

A. Dismissing the Counterclaims in their entirety with prejudice;

B. Judgment that Defendant has:

    a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

    b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

    c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

    d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of Michigan;

    e. Willfully engaged in deceptive trade practices through use of JAG's "Financial Quarterback Trademark" in violation of MCL 445.901-922.

C. An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark", including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D. An order directing the destruction of all advertising materials related to goods and/or services marketed using Defendant's "Financial Quarterback Trademark," including on the Internet;

E. An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F.  Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2018

**BARTON LLP**

By: /s/ Maurice N. Ross
　　Maurice N. Ross

420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

**SILVER & VAN ESSEN, P.C.**

/s/ Lee T. Silver
　　Lee T. Silver (P36905)
　　Michael L. Gutierrez (P79440)

300 Ottawa Avenue, NW, Suite 620
Grand Rapids, MI 49503
(616)988-5600
ltsilver@silvervanessen.com
mgutierrez@silvervanessen.com

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*

## RELIANCE UPON JURY DEMAND

Plaintiff, Jalinski Advisory Group, Inc., hereby gives notice that it will rely upon the jury demand previously filed by the Defendant in this action.

Dated: New York, New York  
September 12, 2018

**BARTON LLP**

By: /s/ Maurice N. Ross  
  Maurice N. Ross

420 Lexington Avenue, 18th Floor  
New York, New York 10170  
(212) 687-6262  
mross@bartonesq.com

**SILVER & VAN ESSEN, P.C.**

/s/ Lee T. Silver  
  Lee T. Silver (P36905)  
  Michael L. Gutierrez (P79440)

300 Ottawa Avenue, NW, Suite 620  
Grand Rapids, MI 49503  
(616)988-5600  
ltsilver@silvervanessen.com  
mgutierrez@silvervanessen.com

*Attorneys for Plaintiff*  
*Jalinski Advisory Group, Inc.*